IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> PLAINTIFF, § <br> § <br> v. § <br> § <br> $31,480 IN U.S. CURRENCY, § <br> DEFENDANT IN REM. § | CIVIL CASE NO. 3:22-CV-995-S-BK |

**FINDINGS, RECOMMENDATIONS, AND CONCLUSIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's referral order, Doc. 12, the Court now considers the *United States' Motion for Default Judgment and Final Judgment of Forfeiture*. Doc. 11. The requisites for default judgment having been satisfied in this case, the motion should be **GRANTED**.

**I. PROCEDURAL HISTORY**

The United States of America ("the Government"), initiated this action against the *in rem* Defendant in May 2022, seeking forfeiture of Defendant property (the "Property"), which was seized at the Dallas-Fort Worth International Airport from Dajon Anthony West ("West") in the course of a drug-trafficking investigation. Doc. 1 at 1-3. The Government then served notice by publication to potential claimants regarding the impending forfeiture of the Property on an official federal government website for 30 consecutive days, commencing on May 5, 2022. Doc. 6. Additionally, the Government sent notice of the forfeiture action and a copy of its *Verified Complaint for Forfeiture in Rem* (the "Complaint") to West and to his attorney, receipt of which was verified via tracking numbers. Doc. 7-1 at 5-13.

West did not file a claim for the Property. Doc. 7-1 at 3 (Decl. of Travis K. Elder). After both the direct notice and publication notice deadlines expired, the Clerk entered a default on the Government's request against "West and all other persons and entities for failure to plead, file a claim, answer, or otherwise defend this action." Doc. 7 at 1; Doc. 10. The Government then filed the instant motion seeking a default judgment against West and all other potential claimants to the Property as well as a final judgment of forfeiture. Doc. 11.

## II.  APPLICABLE LAW

### A.  Rule 55

The conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment, are found in Rule 55 of the Federal Rules of Civil Procedure. The entry of default judgment is the culmination of three events: (1) default, which occurs when a defendant has failed to timely plead or otherwise respond to the complaint; (2) entry of default by the clerk of court when such default is established by affidavit or otherwise; and (3) application by the plaintiff for a default judgment after the entry of default. FED. R. CIV. P. 55(a); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

Standing alone, however, a defendant's default does not entitle a plaintiff to a default judgment. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam); *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A court should first consider whether such entry is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Factors relevant to this inquiry include: (1) whether there are material issues of fact; (2) whether the defendant has been substantially prejudiced; (3) whether the movant has shown that the grounds for default are clearly established; (4) whether the defendant's default was caused by excusable neglect or a good faith mistake; (5) the "harshness" of a default judgment under the

circumstances; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Id.*

The decision to grant a default judgment is one soundly within the district court's discretion. *Lewis*, 236 F. 3d at 767. "[D]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Assoc.*, 874 F.2d 274, 276 (5th Cir. 1989)). There must be a sufficient basis in the pleadings for a court to enter judgment by default. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Defendants, by virtue of having a default entered against them, are deemed to have admitted the well-pleaded allegations of the complaint and are precluded from contesting the established facts. *Id.* (citations omitted).

B. *Supplemental Rule G for Asset Forfeiture Actions*

A court may enter a judgment of forfeiture "only if the government has published notice of the action within a reasonable time after filing the complaint or at a time the court orders." FED. R. CIV. P. SUPP. R. G(4)(a)(i).[1] The Government can publish such notice by posting it on an official internet government forfeiture website for at least 30 consecutive days. FED. R. CIV. P. SUPP. R. G(4)(a)(iv). Further, "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government . . . ." FED. R. CIV. P. SUPP. R. G(4)(b)(i). Notice sent to such potential claimants must include (1) the date on which the notice is sent; (2) a deadline for filing a claim, which must be at least 35 days after the notice is sent; (3) notice that an answer or motion under Rule 12 must

---

[1] Citation is to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

be filed no later than 21 days after filing a claim; and (4) the name of the government attorney the claimant should serve with his claim and answer. FED. R. CIV. P. SUPP R. G(4)(b)(ii).

Two provisions govern deadlines for potential claimants who did not receive direct notice of the forfeiture action to file a claim to the property: (1) 18 U.S.C. § 983(a)(4)(A) sets the deadline as "no later than 30 days after the date of final publication of notice of the filing of the complaint," and (2) Rule G(5)(a)(ii)(B) sets the deadline as "no later than 30 days after final publication of . . . notice . . . or no later than 60 days after the first day of publication on an official internet government forfeiture site." For potential claimants who did receive notice of the forfeiture action to file a claim to the property, two provisions govern deadlines: (1) 18 U.S.C. § 983(a)(4)(A) establishes the deadline as "not later than 30 days after the date of service of the government's complaint," and (2) Rules G(5)(a)(ii)(A) and G(4)(b)(ii)(B) allow the Government to set the deadline in the notice for a day that is "at least 35 days after the notice is sent."

Relevant here, a civil forfeiture complaint must

> (a) be verified; (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; . . . (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

FED. R. CIV. P. SUPP R. G(2). In particular, "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." FED. R. CIV. P. SUPP R. E(2)(a).

"Rule E(2)(a) imposes a substantive pleading requirement" and requires the Government to "do more than simply provide greater detail than it otherwise would be required to do under Rule 8 of the Federal Rules of Civil Procedure." *United States v. $49,000 Currency*, 330 F.3d 371, 376

n.8 (5th Cir. 2003). Although the Government need not prove the elements of its case at the pleading stage, it "must allege facts supporting a reasonable belief that it will be able to bear its burden at trial." *Id.* Where parties with an interest in property at issue in a forfeiture procedure fail to timely file an answer or claim to the property, and the Government makes the required showing, default against such parties is proper. *See United States v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316, 319 (5th Cir. 1984) (holding that the district court did not abuse its discretion by granting a default judgment in an action for forfeiture *in rem* where no claim or responsive pleading was filed).

### III. ANALYSIS

#### A. Default Judgment is Procedurally Warranted

The Government has shown that no potential claimants have filed claims to the Property and the deadline to file such claims has passed. As discussed above, individuals who did not receive direct notice must file claims by either 30 days from the final date of publication of the notice or 60 days after the first day of publication. *See* 18 U.S.C. § 983(a)(4)(A); FED. R. CIV. P. SUPP. AMC G(5)(a)(ii)(B). Here, the 30-day publication period commenced on May 5, 2022, meaning that parties who did not receive direct notice needed to file a claim by June 4, 2022. *See* Doc. 6.

The Government also directly notified West by sending notice of the forfeiture action to him and to his attorney on May 4, 2022. Doc. 7-1 at 5, 8. The notices included the deadlines, applicable procedures, and the name of the Government attorney on whom West should serve a claim and answer. West thus had until June 3, 2022 to file a claim but has not done so to date. *See* 18 U.S.C. § 983(a)(4)(A). Because the deadlines for potential claimants who were indirectly

5

or directly notified have passed and no individuals have filed claims, West and all other potential claimants to the Property are in default.

Additionally, the factors identified in *Lindsey* support granting default judgment. *Lindsey*, 161 F.3d at 893. The Government has clearly established the grounds for default by showing that no potential claimant has filed a claim, answered, or otherwise appeared despite direct notice to West, who reasonably appeared to be a potential claimant, and published notice of this case. Because no potential claimants filed a claim to the Property, there are no material facts in dispute. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("The defendant, by his default, admits the Government's well pleaded allegations of fact"). There is no evidence to suggest that any claimant's failure to file a claim or otherwise appear is the result of a good faith mistake or excusable neglect. *Lindsey*, 161 F.3d at 893. All potential claimants have had ample time to file a claim, and their failure to do so mitigates the harshness of a default judgment. *Id.* Finally, the record contains no facts which indicate the Court would be obligated to set aside the default, if challenged. *Id.* Accordingly, a default judgment is procedurally warranted.

  B. *Sufficient Basis for Entry of Default Judgment*

In addition to demonstrating that a default judgment is procedurally warranted, the Complaint meets the requirements of Federal Rules of Civil Procedure Supplemental Rule G(2) and pleads sufficient facts supporting entry of default judgment. In particular, the Complaint states the grounds for the Court's subject matter jurisdiction over the case, for *in rem* jurisdiction over the property, and for venue in the Dallas Division of the Northern District of Texas. *See* Doc. 1 at 2. Further, the Complaint describes the Property with reasonable particularity. Doc. 1 at 4-10. The Complaint additionally identifies the statutes under which forfeiture is sought, namely 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 881, and 18 U.S.C. §

1952. Doc. 1 at 1. Finally, the Complaint contains facts indicating that the Government will be able to meet its burden of proof at trial. Doc. 1 at 6.

Specifically, the well-pleaded allegations of Complaint establish that a drug interdiction officer, Deputy D. Starks ("Starks"), approached West on the jet bridge of a flight found for Los Angeles International Airport, which is in a known source state for marijuana as well as narcotic trafficking activity. Doc. 1 at 4. West consented to a search of his carry-on bag and, while conducting the search, Starks saw a blue bank bag in West's jacket pocket. Doc. 1 at 4. When Starks questioned West about what was in his pocket, West became nervous and changed his story about what was in his pocket and in the bank bag. Doc. 1 at 4-5. Although West said he did not use drugs, a certified narcotics odor detection canine gave a positive alert for the presence of the odor of narcotics on or about West's luggage at which point West admitted that he had recently smoked marijuana. Doc. 1 at 5. The canine subsequently alerted for the presence of an odor of narcotics on or about the currency in West's bank bag. Doc. 1 at 6.

West gave differing accounts about the source of the money, first saying it had been withdrawn from a bank and then that he had received the cash from his dog breeding broker. Doc. 1 at 6. At that point, a different drug task force officer seized the currency as well as West's phone — which West attempted to break in the process — based on probable cause that the phone contained evidence of illegal drug trafficking. Doc. 1 at 6-7. A search of the phone and West's social media accounts subsequently revealed substantial activity relating to marijuana trafficking, including posts, text messages, pictures, and videos. Doc. 1 at 8-10. Upon consideration of these facts, the Government has presented the Court with a sufficient basis on which to grant a default judgment against West and all other potential claimants on its claim for forfeiture of the Property. *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

## IV. CONCLUSION

For the foregoing reasons, the *United States' Motion for Default Judgment and Final Judgment of Forfeiture*, Doc. 11, should be **GRANTED**, and the Court should enter the Government's proposed *Default Judgment and Final Judgment of Forfeiture*, Doc. 11-1 at 1-2.

**SO RECOMMENDED** on October 6, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).